```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

INJAH UNIQUE TAFARI, 89A4807,
a/k/a RICHARD ORLANDO FAUST,

        Plaintiff,
                                      **DECISION AND ORDER**
    -v-                                    **6:16-cv-06472(MAT)**

CANDICE BAKER, JENNIFER BRINK,
ZEBRA CICCONI-CROZIER,
MAUREEN MACK, GARY TAYLOR,
JILL NORTHROP, PETER BRASELMANN,
GREGORY KELLER, PAUL PICCOLO,
JEFFREY MINNERLY, MICHAEL
KIRKPATRICK, RAYMOND COVENY,
PAUL CHAPPIUS,CARL KOENIGSMANN
and ANTHONY ANNUCCI,

        Defendants.
_____

**INTRODUCTION**

    Proceeding pro se, Injah Unique Tafari ("Plaintiff"), an inmate at Elmira Correctional Facility, instituted this action pursuant to 42 U.S.C. § 1983 alleging that the defendants, employees and representatives of the New York State Department of Corrections and Community Supervision ("DOCCS") denied him adequate medical care in violation of his Eighth Amendment rights.

**BACKGROUND**

    On July 15, 2016, the Court issued a screening Order in which it granted Plaintiff's motion for poor person status, and dismissed Plaintiff's claim against Dr. Peter Braselman, unless Plaintiff

-1-

amended his Complaint to include the necessary allegations of personal involvement.

Plaintiff subsequently filed a "Motion for Reconsideration of the Order Granting In Forma Pauperis Status" (Dkt #4) ("Motion for Reconsideration"). For the reasons discussed below, Plaintiff's Motion for Reconsideration is denied.

## DISCUSSION

Plaintiff argues that, contrary to the Court's Order (Dkt #3), he has sufficiently alleged defendant Dr. Peter Braselmann's personal involvement under a theory of supervisory liability, and does not need to amend his Complaint. Plaintiff accuses Dr. Braselmann of having actual or constructive notice of unconstitutional procedures being implemented or of unconstitutional acts occurring, but failed to take corrective action. Specifically, Plaintiff states that on April 16, 2015, Nurse Zebra Cocconi-Crozier interrupted his appointment with Dr. Braselmann, stating that Plaintiff had been in his appointment long enough and needed to leave, whereupon a correction officer entered the examination room and told Plaintiff, "Let's go. Your time is up." See Complaint ¶¶ 8, 11, 33 (duplicate of ¶ 11). Plaintiff complied and went back to his housing location. Plaintiff contends that Nurse Cocconi-Crozier's premature interruption of his appointment, which was permitted by Dr. Braselmann, resulted in him not receiving any treatment for his nine severe medical conditions.

This allegation, however, is belied by the remaining allegations in the Complaint.

The Court has assumed that Nurse Cocconi-Crozier's premature interruption of his appointment with Dr. Braselmann is the purported constitutional violation that Dr. Braselmann should not have allowed to occur. However, these allegations do not imply, much less overtly state, a constitutional violation. Nor do they implicate Dr. Braselmann in any constitutional wrongdoing by any other defendant. In short, they do not raise a plausible claim that Dr. Braselmann is liable in a supervisory capacity, or has any personal involvement in the constitutional violations alleged elsewhere in the Complaint. Plaintiff's Motion for Reconsideration (Dkt #4) is denied. The claims against Dr. Braselman are dismissed with prejudice, and he will be terminated as a defendant to this action.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration (Dkt #4) is denied. The claims in the Complaint against Dr. Peter Braselman are dismissed with prejudice. The Clerk of the Court is directed to terminate Dr. Peter Braselman as a defendant to this action, and to terminate any pending deadlines as to him.

**SO ORDERED.**

          **S/ Michael A. Telesca**

          _____
          HONORABLE MICHAEL A. TELESCA
          United States District Judge

DATED:    September 28, 2016
          Rochester, New York