UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

INJAH UNIQUE TAFARI, 89A4807,
a/k/a RICHARD ORLANDO FAUST,

               Plaintiff,

        -v-

CANDACE BAKER, JENNIFER BRINK,
ZEBRA CICCONI-CROZIER,
MAUREEN MACK, GARY TAYLOR,
JILL NORTHROP, PETER BRASELMANN,
GREGORY KELLER, PAUL PICCOLO,
JEFFREY MINNERLY, MICHAEL
KIRKPATRICK, RAYMOND COVENY,
PAUL CHAPPIUS,CARL KOENIGSMANN,
and ANTHONY ANNUCCI,

              Defendants.

**DECISION AND ORDER
6:16-cv-06472(MAT)**

_____

### INTRODUCTION

Proceeding pro se, Injah Unique Tafari ("Plaintiff"), instituted this action pursuant to 42 U.S.C. § 1983 while he was an inmate at Elmira Correctional Facility ("Elmira CF"), alleging that the defendants, who are employees and representatives of the New York State Department of Corrections and Community Supervision ("DOCCS"), denied him adequate medical care in violation of his Eighth Amendment rights.

Presently pending before the Court is Plaintiff's "Consolidated Motion for the Appointment of Counsel, TRO and Preliminary Injunction" (Dkt #5), and "Motion to Stay the Consolidated Motion for the Appointment of Counsel, TRO and

Preliminary Injunction" (Dkt #6), which includes a request to allow him to submit relevant documentary evidence and to "direct the defendants and/or their agents, to provide [P]laintiff copies of his medical records free of charge. . . ." (Dkt #6, p. 2 of 4). Defendants have opposed the request for a TRO/Preliminary Injunction, and have moved to revoke Plaintiff's in forma pauperis status and to dismiss the Complaint unless Plaintiff pays the full filing fee.

## DISCUSSION

### I.   "Consolidated Motion for the Appointment of Counsel, TRO and Preliminary Injunction"

#### A.   TRO/Preliminary Injunction

Defendants oppose Plaintiff's request for a TRO/Preliminary Injunction on the grounds that it is moot and, in the alternative, that Plaintiff has failed to make the requisite showing. As to the mootness issue, Defendants note that Plaintiff left Elmira CF on August 3, 2016. He is presently housed at Auburn Correctional Facility, which is where he filed the motion for a TRO/preliminary injunction. However, the alleged failure to provide medical care occurred at Elmira CF.  "It is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility." Prins v. Coughlin, 76 F.3d 504, 506 (2d Cir. 1996) (citations omitted). Since Tafari is no longer incarcerated at Elmira CF, his demand for injunctive

relief against the Elmira CF defendants-employees is moot. See id.; see also Tafari v. Weinstock, No. 07CV0693, 2010 WL 3420424, at *9 (W.D.N.Y. Aug. 27, 2010) (finding that plaintiff's request for injunctive relief based on denial of medical care was mooted based on his facility transfer).

### B.   Appointment of Counsel

Plaintiff has asked the Court to appoint counsel to represent him free of charge in this matter. In determining whether to appoint pro bono counsel in a civil case, the court must determine, as a threshold issue, whether the indigent's position seems likely to be of substance. Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986). Based on its review of the pleadings and documents filed to date, the Court does not find that Tafari's "position seems likely to be of substance." Id. at 61. Therefore, the Court denies without prejudice Plaintiff's request for the appointment of pro bono counsel.

In light of the Court's disposition of Plaintiff's Consolidated Motion for the Appointment of Counsel, TRO and Preliminary Injunction, his Motion to Stay the Consolidated Motion is moot.

## II.  Defendants' Motion to Revoke Plaintiff's IFP Status and Dismiss the Complaint

Defendants request that this Court reverse its preliminary finding that Plaintiff was entitled to the "imminent danger" exception to the "three strikes" rule of 28 U.S.C. § 1915(g);

revoke Plaintiff's in forma pauperis ("IFP") status; and dismiss the Complaint unless Plaintiff pays the filing fee.

When a civil action is commenced in a federal district court, the statutory filing fee, set at $400 at the time Plaintiff filed this action,[1] must ordinarily be paid. 28 U.S.C. § 1915(a). Section 1915 provides in pertinent part as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is *under imminent danger of serious physical injury.*

28 U.S.C. § 1915(g) (emphasis supplied). It is undisputed that Plaintiff has well over "3 strikes." See, e.g., Tafari v. Baker, No. 9:11-CV-694 GLS/ATB, 2012 WL 5381235, at *4 (N.D.N.Y. Oct. 31, 2012). Indeed, Tafari is a repeat filer, with an "extensive history of vexatious litigation[,]" id., in this and other districts. Id. (noting that Tafari "was subject to the three strikes provision at the time he commenced each of the [twelve] consolidated cases").

In support of their motion to revoke Plaintiff's IFP status and dismiss the Complaint if Plaintiff does not pay the filing fee,

---

[1] "Effective May 1, 2013, the Judicial Conference increased the fee for commencing an action in a federal district court from $350 to $400 by adding a $50 administrative fee." Abreu v. Lira, No. 9:12-CV-1385 NAM/DEP, 2014 WL 4966911, at *4 n. 7 (N.D.N.Y. Sept. 30, 2014).

-4-

Defendants argue that Plaintiff was, and continues to be, provided with extensive and appropriate medical care and suitable dietary alternatives to regular DOCCS meals. They have submitted declarations from Gary Taylor, the Food Service Administrator at Elmira CF; and Dr. Peter Braselmann ("Dr. Braselmann"), Clinical Physician II at Elmira CF; as well as copies of Plaintiff's grievances about his medical care and dietary choices, and the associated Central Office Review Committee ("CORC") determinations on those grievances; and copies of some of Plaintiff's medical records pertaining to his medical treatment at Elmira CF. Defendants' motion thus is more akin to a motion for summary judgment on Plaintiff's deliberate medical indifference claims. The Second Circuit, however, has discouraged courts from "'mak[ing] an overly detailed inquiry into whether the allegations qualify for the exception,' because § 1915(g) 'concerns only a threshold procedural question.'" Chavis v. Chappius, 618 F.3d 162, 169 (2d Cir. 2010) (quoting Malik v. McGinnis, 293 F.3d 559, 563 (2d Cir. 2002)); see also Green v. Venettozzi, No. 14-CV-1215(BKS/CFH), 2016 WL 6902545, at *3 (N.D.N.Y. Oct. 31, 2016) (declining to "recommend revoking plaintiff's IFP status, as this matter has yet to move past the pleading stage"), report and recommendation adopted, No. 914CV1215BKSCFH, 2016 WL 6902180 (N.D.N.Y. Nov. 23, 2016) (citing Williams v. Fisher, No. 9:11-CV-379 (NAM/TWD), 2013 WL 636983, at *10 (N.D.N.Y. Jan. 29,

2013) (declining to disturb preliminary finding of imminent danger where the defendants attacked the plaintiff's claims on their merits)).

Following <u>Green</u> and <u>Williams</u>, the Court will refrain from disturbing its preliminary finding of imminent danger. Instead, the Court will convert Defendants' motion to revoke IFP status and dismiss the Complaint into a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. However, before "a court converts a motion to dismiss to a motion for summary judgment, 'the rule requires that the court give sufficient notice to an opposing party and an opportunity for that party to respond.'" <u>Savage v. OFC. Michael Acquino</u>, No. 13-CV-6376, 2016 WL 5793422, at *8 (W.D.N.Y. Sept. 30, 2016) (quoting <u>Hernandez v. Coffey</u>, 582 F.3d 303, 307-08 (2d Cir. 2009)); <u>see also</u> W.D.N.Y. Local Rule of Civil Procedure 56.2 (implementing mandatory summary judgment notice requirements). Because the court-required notice has not been provided to Tafari, the Court will deny Defendants' motion to revoke IFP status and dismiss the Complaint without prejudice with leave to renew as a converted motion for summary judgment, upon provision of the appropriate notice to Tafari. <u>See Savage</u>, 2016 WL 5793422, at *8. To that end, the Court is attaching to this Decision and Order a copy of the court-required <u>Irby</u> Notice, and Defendants are instructed to attach the same to their moving papers. Upon Defendants' re-filing of their converted

-6-

summary judgment motion, the Court will set a scheduling order. Should Plaintiff believe that he is unable to present facts needed to justify his opposition to summary judgment, he must file an affidavit or declaration pursuant to Rule 56(d) of the Federal Rules of Civil Procedure.

## CONCLUSION

For the reasons discussed above, Plaintiff's Motion for a TRO/Preliminary Injunction is denied as moot. Plaintiff's Motion for Appointment of Counsel is denied without prejudice. Plaintiff's Motion to Stay his Motion for a TRO/Preliminary Injunction and Motion for Counsel is moot. Defendants' Motion to Revoke IFP Status and Dismiss the Complaint is denied without prejudice with leave to renew as a converted motion for summary judgment, upon provision of the appropriate notice to Plaintiff.

**SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:     January 19, 2017
           Rochester, New York