```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
___

```
INJAH UNIQUE TAFARI, 89A4807,
a/k/a RICHARD ORLANDO FAUST,

                Plaintiff,
                                              DECISION AND ORDER
           -v-                                6:16-cv-06472(MAT)

CANDACE BAKER, JENNIFER BRINK,
ZEBRA CICCONI-CROZIER,
MAUREEN MACK, GARY TAYLOR,
JILL NORTHROP, PETER BRASELMANN,
GREGORY KELLER, PAUL PICCOLO,
JEFFREY MINNERLY, MICHAEL
KIRKPATRICK, RAYMOND COVENY,
PAUL CHAPPIUS,CARL KOENIGSMANN,
and ANTHONY ANNUCCI,

                Defendants.
```
___

## INTRODUCTION

Proceeding pro se, Injah Unique Tafari ("Plaintiff"), an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), instituted this action pursuant to 42 U.S.C. § 1983 while he was an inmate at Elmira Correctional Facility ("ECF"), alleging that the defendants, who are employees and representatives of ECF, denied him adequate medical care in violation of his Eighth Amendment rights. On initial screening of the Complaint, Plaintiff—who has garnered "three strikes" under 28 U.S.C. § 1915(g)—was granted leave to proceed in forma pauperis ("IFP") on the basis that he had

adequately alleged he was in "imminent danger of serious physical injury," 28 U.S.C. § 1915(g).

Defendants subsequently moved for summary judgment. On April 20, 2017, the Court issued a Decision and Order finding that the record evidence, which included Plaintiff's medical records while in the custody of DOCCS, established that Plaintiff's claim imminent danger cannot be substantiated. Accordingly, the Court granted Defendants' motion to revoke Plaintiff's IFP status. Plaintiff was ordered to pay the full $400 filing fee, with credit to be afforded for any amounts previously collected from his prison account, within (30) thirty days of the date of the April 20, 2017 Decision and Order. Plaintiff was advised that if he failed to timely comply with the Court's directive to pay the full filing fee, his Complaint would be dismissed with prejudice by the Clerk of Court without further order of the Court. Defendants' summary judgment motion was held in abeyance pending Plaintiff's payment of the filing fee.

Plaintiff sent a letter to the Court dated May 7, 2017, which the Court has construed as a Motion for Leave to Amend the Complaint (Dkt #34).

## DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). "The Second Circuit has held

that a Rule 15(a) motion 'should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party.'" Aetna Cas. & Sur. Co. v. Aniero Concrete Co., 404 F.3d 566, 603-04 (2d Cir. 2005) (quoting Richardson Greenshields Securities, Inc. v. Lau, 825 F.2d 647, 653 n. 6 (2d Cir. 1987); citing Foman v. Davis, 371 U.S. 178, 182 (1962) (reasons for denying leave include "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment"). Ultimately, it is "within the sound discretion of the court whether to grant leave to amend." John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp., 22 F.3d 458, 462 (2d Cir. 1994) (citation omitted).

Here, Plaintiff does not state how he would be able to cure the deficiencies in his previous attempt to allege facts in support the imminent danger exception. Nor does Plaintiff submit a proposed amended complaint for the Court's consideration. Instead, he requests the opportunity "to prove that [he] was under imminent danger at the time the Complaint was filed, until July 31st, 2017, which would afford Plaintiff time to gather documents that would refute the defendant's affidavits, which tells [sic] a different

story than the documents in DOCCS files. . . ." (Dkt #34, p. 2 of 4 (brackets and ellipsis in original)).

The Court finds that multiple reasons to deny leave to amend are present in this case, not the least of which is the futility of the amendment. As Plaintiff, a frequent filer in this District, is well aware, to avoid bar under imminent danger exception to "three-strikes" provision, he must be in imminent danger at time he seeks to file suit in district court, rather than at time of the alleged incident that serves as basis for the Complaint. Plaintiff, as the person who must have been in "imminent danger," therefore is uniquely in the position to have first-hand knowledge of the circumstances giving rise to the alleged "imminent danger." Here, Plaintiff concedes that he is unable to make this showing, since his current motion is simply a discovery request to conduct what is essentially a "fishing expedition," masquerading as a Rule 15(a) motion to amend.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to Amend (Dkt #34) is **denied as futile**.

Because Plaintiff has failed to pay the filing fee within the required time, and because he has not requested an extension of time to do so, his Complaint (Dkt #1) **is dismissed with prejudice**.

Defendants' Motion for Summary Judgment (Dkt #28) is **denied as moot.** Plaintiff's Motion for the Court to Provide Copies (Dkt #29)

is **denied as moot** based on Defendants' Response (Dkt #32) to that motion.

The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: May 30, 2017
Rochester, New York